

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 28, 1970

Honorable Harold Phelan                    Opinion No. M- 761
County Attorney
Hockley County                             Re:  Whether school trustees
Levelland, Texas                                may lawfully vote on
                                                hiring or firing teachers
                                                in an executive session
                                                under provisions of
                                                Article 6252-17, Vernon's
Dear Mr. Phelan:                                Civil Statutes.

          You have advised us that on March 5, 1970, the Sun-
down Independent School District held a meeting of the school
trustees, and that following the regular meeting, which was
open to the public, the trustees met in an "executive session,"
which was closed to the public.

          You have further advised us of the following facts.
During the executive session action was taken on teachers' con-
tracts for the next school year. Three members of the seven
member board dissented to the executive session, but remained
and voted on the teachers' contracts. It is the contention of
the dissenting trustees that the act of voting to hire or fire
teachers in the executive session constituted a violation of the
provisions of Article 6252-17, Vernon's Civil Statutes, the
statute generally prohibiting governmental bodies from holding
meetings closed to the public.

          We will assume in our initial discussion of this
matter that no teacher whose contract was to be acted upon
at the meeting requested a public hearing.

          We are of the opinion that under the assumed facts
the trustees were not in violation of the provisions of Article
6252-17 in voting upon the teachers' contracts at the "executive
session."

Section 2(a) of Article 6252-17 provides certain exceptions to the application of the Act in the following language:

"Sec. 2. (a) The provisions of this Act do not apply to that portion of a meeting or session of a governmental body while the governmental body is actually engaged in:

(1) deliberations to consider the appointment, employment, or dismissal of a public officer or employee or to hear complaints or charges brought against such officer or employee, unless such officer or employee requests a public hearing;

(2) deliberations pertaining to the acquisition of additional real property; or

(3) deliberations on matters affecting security." (Emphasis added.)

Clearly the Legislature had a purpose in providing these exceptions. We think that purpose was to permit a governmental body to conduct to its logical conclusion, out of the public view, the type of business coming under the exceptions. The term "deliberations," as used in the open meeting statute, in connection with the term "meeting" may be construed to mean both deliberation and voting action "as dual components of the collective decision-making process." See Sacramento Newspaper Guild v. Sacramento Co. Bd. of Supervisors, 69 Cal. Reptr. 480, 485 (Cal. Ct. of App. 1968).

In this connection note the following statement in 53 Texas Jurisprudence 2d, Statutes, Section 126, page 187:

"An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable, and sensible construction, considering its language and subject matter, and with a view to accomplishing the legislative intent and purpose."

We think it would be unreasonable to allow a board to deliberate on a matter involving security in a closed meeting, and then require that it be brought out to an open meeting and voted on. All semblance of security would be destroyed. In the same sense, it would be pointless to permit a board to consider the acquisition of real property in a closed meeting, and then require that it be brought before an open meeting for a vote. The confidential element so often essential in this type of transaction and kept from the public would cease to exist.

We think it just as unlikely that the Legislature intended to permit a board to deliberate on the contract of a public officer or employee in closed session, when the person affected has not requested a public hearing, and then require that the board vote in a public meeting. If the public is to be deprived of the confidential information upon which the governmental officers vote, they are in no position to make a judgment of the wisdom of the vote by the officers. Consequently, we must construe the statute in a reasonable and practical manner and have concluded that the Legislature intended that the three exceptions provided in Section 2(a) were to be heard, voted upon, and concluded in the closed session, provided that is the will of the governmental body.

If, however, a teacher whose contract was to be acted upon at the meeting did request a public hearing, then to the extent that that teacher's contract was deliberated upon or voted upon in an executive session the exception provided in Section 2(a) was inoperative and such discussion or vote would have to be in an open meeting and thus failure to do so would be in violation of Article 6252-17.

## S U M M A R Y

A board of school trustees may deliberate in a closed session on whether to offer a contract to a teacher and may also vote on the matter in closed session, provided the teacher concerned has not requested a public hearing. Article 6252-17, V.C.S., does not require that the vote be taken in a public meeting under such circumstances.

A board of school trustees may not deliberate upon nor vote upon the question of offering a teacher a contract while in a closed session if that teacher has requested a public hearing.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Kenneth Nordquist
Scott Garrison
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant